1   **INFINITY LAW GROUP LLP**
    ILYA FILMUS, ESQ. (SBN: 251512)
2   3450 Geary Blvd., Suite 210
    San Francisco, CA 94118
3   Telephone: (415) 426-3580
    Facsimile: (415) 426-3581
4   ifilmus@infinitylawca.com

5   *Attorneys for Plaintiffs Mary Ann Frani, Jansen Diaz,*
    *and the putative class*

6
    [ADDITIONAL COUNSEL CONTINUED ON FOLLOWING PAGE]
7

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10  MARY ANN FRANI; JANSEN DIAZ,          Case No.: 3:20-cv-03290-JSC
    individually and on behalf of all others
11  similarly situated,                   **Plaintiffs Mary Ann Frani and Jansen
                                          Diaz's First Amended Class Action
12              Plaintiffs,               Complaint For:**

13          v.                            1. **Failure to Pay Overtime Wages (L.C. §§
                                             204, 510, and 1194 and Wage Orders 4
14  FRESENIUS MEDICAL CARE                   and 5);**
    HOLDINGS, INC., a New York            2. **Failure to Pay Minimum Wages (L.C.
15  corporation, d/b/a FRESENIUS             §§ 204, 1194, 1197, and 1197.1 and Wage
    MEDICAL CARE NORTH AMERICA;;            Orders 4 and 5);**
16  BIO-MEDICAL APPLICATIONS OF           3. **Liquidated Damages for Failure to Pay
    CALIFORNIA, INC., a Delaware             Minimum Wages (L.C. § 1194.2);**
17  corporation; and DOES 1-500, inclusive, 4. **Failure to Provide Accurate and
                                             Itemized Wage Statements (L.C. §§ 226
18              Defendants.                   and Wage Orders 4 and 5);**
                                          5. **Failure to Pay Wages Promptly after
19                                           Termination (L.C. §§ 201, 202, and 203);**
                                          6. **Failure to Provide Uninterrupted Meal
20                                           Periods (L.C. §§ 226.7 and 512 and
                                             Wage Orders 4 and 5);**
21                                        7. **Failure to Provide Uninterrupted Rest
                                             Periods (L.C. § 226.7 and Wage Orders
22                                           4 and 5);**
                                          8. **Failure to Reimburse Business Expenses
23                                           (L.C. § 2802 and Wage Orders 4 and 5);
                                             and**
24                                        9. **Unfair Business Practices (Bus. & Prof.
                                             Code §§ 17200, *et seq.*)**
25                                        10.**Private Attorneys General Act (L.C. §§
                                             2698, et seq.)**
26

27                                        Action Filed: February 14, 2020
                                          Judge: Jacqueline Scott Corley
28                                        Courtroom: E

**PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

INFINITY LAW GROUP LLP
3450 GEARY BLVD, SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

1

**INFINITY LAW GROUP LLP**
ASHAR AHMED, ESQ. (SBN: 256711)

2

111 Deerwood Road, Suite 200
San Ramon, CA 94583

3

Telephone: (415) 426-3580
Facsimile: (415) 426-3581

4

aahmed@infinitylawca.com

5

**PAYTON EMPLOYMENT LAW**
CHANTAL MCCOY PAYTON, ESQ. (SBN: 293215)

6

3807 W. Sierra Highway, Suite 206
Acton, California 93510

7

Telephone: (661) 434-1144
Facsimile: (661) 434-1144

8

CPayton@PaytonEmploymentLaw.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INFINITY LAW GROUP LLP
3450 GEARY BLVD, SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

**PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

1    Plaintiffs Mary Ann Frani and Jansen Diaz ("Plaintiffs"), on behalf of themselves
2  and all others similarly situated, hereby file this Complaint against FRESENIUS
3  MEDICAL CARE HOLDINGS, INC., a New York corporation, d/b/a FRESENIUS
4  MEDICAL CARE NORTH AMERICA ("FMCNA"); BIO-MEDICAL
5  APPLICATIONS OF CALIFORNIA, INC., a Delaware corporation ("Bio-Medical")
6  and DOES 1-500 (collectively "Defendants").  Plaintiffs are informed and believe, and
7  based thereon allege, as follows:

8  **I.    INTRODUCTION**

9  1.    Plaintiffs bring this class action on behalf of themselves and certain other "Class
10  Members," existing in multiple subclasses, who are or were employed by Defendants in
11  California from March 21, 2019 through the date of trial in this action.

12  2.    The "Class Period" is designated as the time from March 21, 2019 through the
13  date of trial of this action based upon the allegation that the violations of the Labor Code
14  described herein have been ongoing since at least March 21, 2019  and are continuing.

15  3.    The Class Members consist of all non-exempt/hourly current and former
16  employees of Defendants who work or worked for Defendants in the State of California
17  during the Class Period.

18  4.    By way of example, these employees hold or held job titles such as "Registered
19  Nurse," "LVN," "Medical Assistant," "Nurse," "Patient Care Technician I," "Patient
20  Care Technician II," "Patient Care Technician III," or similar job titles.  Defendants
21  operate dialysis facilities and provide acute dialysis to other medical facilities, among
22  other things.  Defendants employ the Class Members to perform various tasks, including
23  providing patient care to patients in need of dialysis.

24  5.    Defendants failed to provide legally mandated uninterrupted meal periods and rest
25  periods because, among other reasons, Defendants maintained a policy and practice of
26  regularly failing to provide any rest breaks to Class Members, and of requiring Class
27  Members to remain available during all meal periods and rest periods that were provided.
28  Defendants failed to pay any premiums for these violations.

INFINITY LAW GROUP LLP
3450 GEARY BLVD., SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

**PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

INFINITY LAW GROUP LLP
3450 GEARY BLVD., SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

6.     Defendants failed to compensate Class Members for all hours worked, including minimum wage and overtime hours, as a result of maintaining an explicit policy of requiring or permitting Plaintiffs and Class Members to perform off-the-clock work, including during non-compliant meal periods, and refusing to compensate Plaintiffs and Class Members for all overtime work performed at the applicable overtime rate.

7.     Defendants failed to compensate Class Members the mandated minimum wage for hours worked while Class Members were on-call.  To the extent that Class Members were compensated anything for the on-call work that they performed, they were compensated far below the minimum wage.  Class Members were compensated $8.50 per hour or less for on-call work performed during the Class Period.

8.     Additionally, the on-call hours that the Class Members worked was not factored into overtime and doubletime calculations.  Resultantly, Class Members were paid far less than the legal overtime and doubletime rates for overtime and doubletime hours worked, or were not paid for such hours at all.

9.     Upon information and belief, Defendants engage in a widespread practice of requiring, suffering, and/or permitting Plaintiffs and the Class Members to work hours and unlawfully deducting such hours from the Class Members' pay without any lawful basis to, thereby compensating such persons for fewer hours than actually worked. Defendants failed to pay all formerly employed Class Members their compensation due at termination in a timely fashion, as required by Labor Code §§ 201-203, in part because Defendants failed to pay wages for all hours worked by each Class Member or because Defendants failed to pay wages for all overtime worked at the applicable overtime rate.

10.     Defendants failed to furnish accurate and itemized wage statements showing, among other things, the total compensation due to Class Members for each pay period, in part because the wage statements provided did not reflect all hours worked, or the total compensation due for all hours worked, or meal and rest period premiums owed.

11.     Defendants failed to reimburse Plaintiffs and the Class Members for all expenses they incurred in the performance of their job duties for Defendants, including expenses

1  associated with the use of personal cell phones.

2  12.    Plaintiffs alleges that these acts, which violate numerous provisions of the Labor

3  Code and Industrial Welfare Commission Wage Order 4 and 5, constitute unlawful and

4  unfair business practices in violation of the Unfair Competition Law, Business and

5  Professions Code §§ 17200, *et seq*.

6  13.    Plaintiffs, on behalf of themselves and the Class Members, seeks unpaid overtime

7  compensation, unpaid minimum wages, reimbursement for business expenses, meal and

8  rest break penalties, waiting time penalties, statutory penalties, restitution, declaratory

9  and injunctive relief, attorneys' fees and costs, prejudgment interest, and other

10 appropriate relief pursuant to Wage Orders 4 and 5, Labor Code §§ 201, 202, 203, 204,

11 218.5, 226, 226.7, 510, 558, 1194, 1197, 1197.1, *et seq.*, and 2802, Code of Civil

12 Procedure § 1021.5, Business and Professions Code §§ 17200, *et seq.*, and other relevant

13 law of the State of California.

14 **II.    PARTIES, JURISDICTION, AND VENUE**

15 14.    Plaintiffs Mary Ann Frani and Jansen Diaz were employed by Defendants in the

16 City and County of San Francisco during the Class Period.  Plaintiffs and each Class

17 Member were or are employed by Defendants within the State of California and were

18 subject to the unlawful policies and practices described herein.

19 15.    Plaintiffs bring this action as a class action on behalf of themselves and all others

20 similarly situated, pursuant to Code of Civil Procedure § 382.

21 16.    FMCNA is a corporation organized and existing under the laws of New York with

22 its principal place of business located at 920 Winter Street, Waltham, Massachusetts

23 02451-1457.   At all times relevant hereto, FMCNA, regularly and continuously

24 conducted business within this judicial district, providing dialysis and other medical

25 services through its various California affiliates and dialysis centers.

26 17.    Bio-Medical is a corporation organized and existing under the laws of Delaware

27 with its principal place of business located at 920 Winter Street, Waltham,

28 Massachusetts 02451-1457.   At all times relevant hereto, FMCNA, regularly and

INFINITY LAW GROUP LLP
3450 GEARY BLVD., SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

**PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

INFINITY LAW GROUP LLP
3450 GEARY BLVD., SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

1  continuously conducted business within this judicial district, providing dialysis and

2  other medical services through its various California affiliates and dialysis centers.

3  18.    Upon information and belief, FMCNA manages and controls Bio-Medical

4  Applications of California, Inc. ("Bio-Medical").  Plaintiffs, and Class Members were

5  subject to the payroll and human resource policies of FMCNA.  Bio-Medical has a

6  location in California, is registered in Delaware, and is headquartered in Waltham,

7  Massachusetts.

8  19.    Plaintiffs are informed and also believe that they were employed by each of the

9  named Defendants and DOES 1- 500.

10  20.    Plaintiffs are informed and believe, and based upon that information and belief,

11  allege that the payroll and human resources of FMCNA that were applied to Plaintiffs

12  also applied to other employees who worked at other Defendants' facilities throughout

13  the State of California, including their dialysis centers.

14  21.    Plaintiffs are informed and believe, and based upon that information and belief,

15  allege that Defendants are responsible in some manner for one or more of the events and

16  happenings that proximately caused the injuries and damages hereinafter alleged.

17  22.    Defendants are involved in a highly complex organizational chart made up of

18  corporations and limited liability companies that do business under a multitude of names

19  and are registered in a variety of States.  Plaintiffs do not currently know the reach of

20  these entities, and, thus, pleads them as DOES 1-500.  Every reference to Defendants

21  shall also include DOES 1-500, who are being sued as fictitious defendants because

22  Plaintiffs are either unaware of their true names and or the extent of their involvement

23  in the present action.

24  23.    On information and belief, each of the Defendants, including DOES 1-500 were

25  the agents, principals, employers, partners, joint venture, officers, directors, controlling

26  shareholders, subsidiaries, affiliates, alter egos, parent corporations, and or successors

27  in interest or predecessors of each and every other Defendant.  In committing the acts

28  alleged herein, each and every Defendant acted within the course and scope of these

1  relationships, and acted with the consent, permission, authorization, and of the essence

2  of each of the remaining Defendants.  All actions of each Defendant alleged herein were

3  ratified and approved by the other Defendants and/or their officers or managing agents.

4  24.    Defendants, and DOES 1-500, and each of them, were at all times herein

5  mentioned, the alter ego of each other and there was such unity of interest that any

6  separateness between the entities ceased to exist.  All Defendants list their entity address

7  with the Secretary of State in which those entities are active as 920 Winter Street,

8  Waltham, Massachusetts, 02451.  Accordingly, based upon this sharing of offices,

9  employees, and other evidence of unity of interest, adherence to the fiction of a separate

10 existence of Defendants, and DOES 1-500, and each of them, as an entity distinct from

11 each other would promote abuse of the corporate privilege and produce an inequitable

12 result and sanction a fraud causing extreme hardship to Plaintiffs.

13 25.    Plaintiffs are informed and believe, and based upon that information and belief,

14 allege that Defendants named in this Class Action Complaint knowingly and willfully

15 acted in concert, conspired and agreed together among themselves and entered into a

16 combination and systemized campaign of activity to, inter alia, damage Plaintiffs and to

17 otherwise consciously and or recklessly act in derogation of Plaintiffs' rights and the

18 trust reposed by Plaintiffs in each of said Defendants, said acts being negligently and or

19 intentionally inflicted. Said conspiracy, and Defendants' concerted actions were such

20 that to Plaintiffs' information and belief, and to all appearances, Defendants represented

21 a unified body so that the actions of one defendant was accomplished in concert with,

22 and with knowledge, ratification, authorization and approval of each of the other

23 defendants.

24 26.    At all times herein mentioned, DOES 1 through 500 were headquartered or

25 residing in the State of California, and licensed to do business or actually doing business

26 therein, including the County of San Francisco.

27 27.    The true names and/or capacities, whether individual, corporate, associate, or

28 otherwise, of defendants named herein as DOES 1 through 500, inclusive, are unknown

INFINITY LAW GROUP LLP
3450 GEARY BLVD, SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

**PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

INFINITY LAW GROUP LLP
3450 GEARY BLVD., SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

to Plaintiffs at this time, who therefore sues said defendants by such fictitious names. Each of the defendants designated herein by fictitious name is in some manner responsible for the events and happenings herein referred to, and caused damages proximately and foreseeably thereby to Plaintiffs and the Class Members as hereinafter alleged. Plaintiffs ask leave of the Court to amend this Complaint when the true names and capacities of the DOE defendants have been ascertained.

28.    Each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants as each defendant has ratified, approved, and authorized the acts of each of the remaining defendants with full knowledge of said acts.

29.    Venue is proper in the Superior Court of California for the County of San Francisco as this Court has personal jurisdiction over Defendants pursuant to Code of Civil Procedure § 395. Plaintiffs worked in and violations occurred in San Francisco County, and the contract of employment was formed in San Francisco County.

30.    The California Superior Court has jurisdiction over this matter because the individual claims are under the seventy-five thousand dollar ($75,000.00) individual jurisdictional threshold and the five million dollar ($5,000,000.00) aggregate jurisdictional threshold for federal court; and upon information and belief, Plaintiffs and Defendants are citizens of, residents of, and/or domiciled in the State of California. Further, there is no federal question at issue as the issues herein are based solely on California statutes and law, including the Labor Code IWC Wage Orders, Code of Civil Procedure, Rules of Court, and the Business & Professions Code. Thus, the above-entitled court maintains appropriate jurisdiction over this matter.

## III.    FACTUAL ALLEGATIONS

31.    During the Class Period, Defendants maintained a policy and practice of requiring Plaintiffs and Class Members to work on-duty meal and rest periods, including by requiring Plaintiffs and Class Members to perform their regular duties, to respond to

**PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

emergencies or directives from supervisors or patients, and/or to remain on premises during meal and rest periods.

32.     During the Class Period, Defendants did not maintain on-duty meal period agreements for Class Members, or such agreements were fatally deficient, and the nature of Class Members' work does not meet the requirements permitting on-duty meal periods.

33.     During the Class Period, Defendants did not pay penalties to Plaintiffs and Class Members in relation to failure to provide uninterrupted meal or rest breaks.

34.     During the Class Period, Defendants maintained a policy and practice of requiring Plaintiffs and Class Members to perform work during non-compliant meal periods, and at the beginning and end of each scheduled shift, but Defendants did not compensate Plaintiffs and Class Members for this time.

35.     Separate and apart from the uncompensated, off-the-clock work described hereinabove, Defendants maintained a practice of failing to compensate Plaintiffs and the Class Members at the applicable overtime rate for overtime hours worked and doubletime rate for doubletime worked.

36.     As a result of Defendants' unlawful practices regarding off-the-clock, overtime, and doubletime work, Defendants failed to pay Plaintiffs and Class Members minimum wages and where applicable proper overtime and doubletime wages for all hours worked during the Class Period.

37.     During the Class Period, Defendants failed to pay Plaintiffs and Class Members for all hours worked as recorded on Plaintiffs and Class Members' timecards and/or Defendants' timekeeping software.  Plaintiffs and Class Members are owed overtime for hours worked in excess of eight in a workday, 40 in a workweek, and for the first eight hours worked on the seventh workday in a workweek, for which Plaintiffs and Class Members have not been properly compensated.  Plaintiff and Class Members are owed doubletime for hours worked in excess of twelve in a workday, and in excess of eight hours worked on the seventh workday in a workweek, for which Plaintiff and Class

INFINITY LAW GROUP LLP
3450 GEARY BLVD, SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

**PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

Members have not been properly compensated.

38.    During the Class Period, Defendants failed to compensate Plaintiffs and Class Members at the legally required minimum wage rate (or at least one-and-one-half or two times the legal minimum wage rate where applicable for overtime or double-time hours worked) during multiple pay periods in violation of Labor Code sections 1194 and 1197.

39.    During the Class Period, Defendants failed to pay all compensation due and owing to Plaintiffs and all former Class Members upon separation, as required by Labor Code §§ 201 and 202.  Plaintiffs further alleges that this failure to pay all compensation due was willful, due to Defendants' practices regarding off-the-clock and overtime work performed by Class Members.

40.    During the Class Period, Defendants knowingly and intentionally failed to furnish Plaintiffs and Class Members with timely, itemized wage statements accurately showing, among other things, total hours worked, total wages owed, applicable rates of pay, and meal and rest premiums owed, as required by Labor Code § 226(a).

41.    During the Class Period, Defendants have violated and continue to violate California Labor Code § 2802 by willfully failing to reimburse or Class Members for all expenses they incurred in the performance of their job duties for Defendant.  Class Members would routinely travel between Defendants' locations and would incur costs for travel, including gas, automobile insurance and maintenance costs, cell phone usage, among other necessities.  However, Class Members were not reimbursed for using their personal property.

42.    During the Class Period, Defendants violated Business and Professions Code §§ 17200, *et seq.*, and Labor Code §§ 2698, *et seq.*, by the predicate violations of law described above.

## IV.    CLASS ACTION ALLEGATIONS

43.    Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a class action pursuant to Code of Civil Procedure § 382 as to violations of the Labor Code, Business and Professions Code §§ 17200, *et seq.*, and Wage Orders 4

INFINITY LAW GROUP LLP
3450 GEARY BLVD, SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

**8**
**PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

and 5 for unpaid overtime compensation, unpaid minimum wages, reimbursement for business expenses, meal and rest break penalties, waiting time penalties, statutory penalties, restitution, declaratory and injunctive relief, attorneys' fees and costs, prejudgment interest, and other appropriate relief. The similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' own employment records.

44.     The Class Members that Plaintiffs seek to represent are composed of and defined as follows:

      a.     All non-exempt/hourly current and former employees of Defendants who work or worked in Defendants' facilities located in California from March 21, 2019 through the date of trial in this action, including employees holding job titles such as "Registered Nurse," "Nurse," "Patient Care Technicians I, II, and III," and all other non-exempt/hourly positions regardless of title (the "Class").

45.     The subclasses Plaintiffs will seek to certify are currently composed of and defined as follows:

      a.     All non-exempt/hourly current employees of Defendants who work or worked in Defendants' facilities located in California during the Class Period, holding job titles such as "Registered Nurse," "Nurse," "Patient Care Technicians I, II, and III," and all other non-exempt/hourly positions regardless of title (hereinafter, the "Current Employee Subclass");

      b.     All non-exempt/hourly former employees of Defendants who worked in Defendants' facilities located in California during the Class Period, including, by way of example only and not as an exhaustive list, employees holding job titles such as "Registered Nurse," "Nurse," "Patient Care Technicians I, II, and III," and all other non-exempt/hourly positions regardless of title that are no longer employed by Defendants (hereinafter, the "Former Employee Subclass").

INFINITY LAW GROUP LLP
3450 GEARY BLVD., SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

**PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

46.    The Current Employee Subclass, and Former Employee Subclass are hereinafter collectively referred to as the "Subclasses."

47.    Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Class or Subclasses.  In any event, Plaintiffs will formally designate a class definition at such time when Plaintiffs seeks to certify the Class and Subclasses alleged herein.

48.    **Ascertainable Class:** The proposed class and each subclass are ascertainable in that their members can be identified and located using information contained in Defendants' payroll and personnel records and by reviewing Defendants' computer records identifying Class Members that have separated from employment with Defendants.

49.    **Numerosity:** The potential quantity of members of the Class and Subclasses as defined is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court.  The quantity of members of the Class and Subclasses is unknown to Plaintiffs at this time; however, it is believed that each of the Class and Subclasses' number is more than 100 individuals, and that the total of all classes encompasses more than 200 unique individuals.   The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

50.    **Typicality:** The claims of Plaintiffs are typical of the claims of all members of the Class and Subclasses mentioned herein because all members of the Class and Subclasses sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Class and Subclasses were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

51.    **Adequacy:** Plaintiffs are adequate representatives of the Class and Subclasses herein, will fairly protect the interests of the members of the Class and Subclasses, have no interests antagonistic to the members of the Class and Subclasses and will vigorously

INFINITY LAW GROUP LLP
3450 GEARY BLVD, SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

pursue this suit via attorneys who are competent, skilled, and experienced in litigating matters of this type. Class Counsel is competent in litigating wage and hour class actions and experienced in California employment litigation.

52.   **Superiority:** The nature of this action and the nature of laws available to Plaintiffs make the class action format a particularly efficient and appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein, as follows:

a.   This case involves a large number of individual Class Members with many relatively small claims and common issues of law and fact;

b.   If each individual member of each of the Class and Subclasses was required to file an individual lawsuit, the large corporate Defendant would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Class and Subclasses with Defendants' vastly superior financial and legal resources;

c.   Requiring each individual member of the Class and Subclasses to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Class and Subclasses who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

d.   Proof of a common business practice or factual pattern, which the members of the Class and Subclasses experienced, is representative of the Class and Subclasses herein and will establish the right of each of the members of the Class and Subclasses to recover on the causes of action alleged herein;

e.   The prosecution of separate actions by the individual members of the Class and Subclasses, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual members of the Class and Subclasses against Defendants; and

INFINITY LAW GROUP LLP
3450 GEARY BLVD, SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

**PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual members of the Class and Subclasses which would, as a practical matter, be dispositive of the interest of the other members of the Class and Subclasses who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Class and Subclasses to protect their interests;

f.  The claims of the individual members of the Class and Subclasses are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses appurtenant thereto;

g.  The cost to the court system of adjudication of such individualized litigation would be substantial;

h.  The expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action; and

i.  Filing a claim with the California Labor Commission is an inferior alternative to addressing this matter as a class action, given the lack of discovery in such proceedings, the availability of fewer remedies, and the fact that the losing party has the right to a trial *de novo* in the Superior Court.

53.  **Existence and Predominance of Common Questions of Law and Fact:** There are common questions of law and fact as to the members of the Class and Subclasses which predominate over questions affecting only individual members of the Class and Subclasses including, without limitation:

a.  Whether Defendants' failure to pay overtime and doubletime wages to the Class Members violates Labor Code § 204, 510, 558, and 1194 and Wage Orders 4 and 5;

INFINITY LAW GROUP LLP
3450 GEARY BLVD., SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

**PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

INFINITY LAW GROUP LLP
3450 GEARY BLVD., SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

b.     Whether Defendants' failure to pay minimum wages to the Class Members violates Labor Code §§ 1194, 1197, and 1197.1 and Wage Orders 4 and 5;

c.     Whether Defendants' failure to provide the Class Members with accurate and itemized wage statements worked violates Labor Code § 226;

d.     Whether Defendants' failure to provide the Class Members with off-duty meal and rest periods violates Labor Code §§ 226.7 and 512;

e.     Whether Defendants' failure to provide the Former Employee Subclass with all wages due upon separation violates Labor Code §§ 201-203;

f.     Whether Defendants' conduct constitutes unfair competition within the meaning of Business and Professions Code §§ 17200 and 17203;

g.     Whether members of the Class and Subclasses are entitled to compensatory damages, and if so, the means of measuring such damages;

h.     Whether the members of the Class and Subclasses are entitled to injunctive relief;

i.     Whether the members of the Class and Subclasses are entitled to restitution;

j.     Whether Defendants are liable for statutory penalties pursuant to Labor Code § 2698, *et seq.*;

k.     Whether Defendants are liable for pre-judgment interest; and

l.     Whether Defendants are liable for attorneys' fees and costs.

54.    Common questions of law and/or fact predominate over questions that affect only individual Class Members. Plaintiffs' claims are typical of those belonging to the members of the Class they seek to represent, and Plaintiffs can adequately represent the Class they seek to represent.

///

///

///

///

///

**PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

1  # V.    CAUSES OF ACTION

2  ## FIRST CAUSE OF ACTION

3  ### FAILURE TO PAY OVERTIME AND DOUBLETIME WAGES

4  ### LABOR CODE §§ 204, 510, 1194, AND WAGE ORDERS 4 AND 5

5  **(Against all Defendants, on behalf of the Class)**

6  55.    Plaintiffs re-allege and incorporate by reference the foregoing allegations as

7  though fully set forth herein.

8  56.    Labor Code § 510 states that an employee must be paid overtime, equal to one

9  and one-half (1 ½) times the employee's regular rate of pay, for all hours worked in

10 excess of eight (8) hours in one workday and any work in excess of forty (40) hours in

11 any one workweek and the first eight (8) hours worked on the seventh day of work in

12 any one workweek.

13 57.    Labor Code § 510 also states that any work in excess of twelve (12) hours in one

14 day and any work in excess of eight hours on any seventh day of a workweek shall be

15 compensated at the rate of no less than twice the regular rate of pay for an employee.

16 58.    Wage Order 4 and 5 § 3, which governs the profession of the Plaintiffs herein,

17 states that an employee must be paid overtime, equal to one and one-half (1 ½) times the

18 employee's regular rate of pay, for all hours worked in excess of eight (8) hours in one

19 workday and any work in excess of forty (40) hours in any one workweek.  "Hours

20 worked" is defined as: "the time during which an employee is subject to the control of

21 an employer, and includes all the time the employee is suffered and permitted to work,

22 whether or not required to do so." (Wage Orders 4 and 5.

23 59.    Plaintiffs and members of the Class are entitled to bring a civil action to recover

24 on claims involving failure to pay overtime pursuant to Labor Code § 1194.

25 60.    Plaintiffs and members of the Class worked more than forty (40) hours per week,

26 eight (8) hours per day, and/or eight (8) hours worked on the seventh day of work in any

27 one workweek, but were not paid overtime wages for such work. Plaintiffs and members

28 of the Class worked in excess of twelve (12) hours in one day and/or in excess of eight

INFINITY LAW GROUP LLP
3450 GEARY BLVD, SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

1 hours on any seventh day of a workweek, but were not paid doubletime wages for such
2 work.

3 61.   Defendants have failed and refused to pay overtime and doubletime compensation
4 to Plaintiffs and members of the Class at the proper rates of pay.

5 62.   Pursuant to Labor Code § 1194, Plaintiffs and members of the Class are entitled
6 to recover unpaid overtime compensation and interest thereon pursuant to Labor Code §
7 218.6, plus attorneys' fees and costs pursuant to Labor Code § 218.5, in an amount to be
8 established according to proof at trial.

9 63.   Plaintiffs, on behalf of themselves and the Class Members, also request relief as
10 described below.

11 **<u>SECOND CAUSE OF ACTION</u>**
12 **FAILURE TO PAY MINIMUM WAGES**
13 **LABOR CODE §§ 204, 1194, 1197, 1197.1, AND WAGE ORDERS 4 AND 5**
14 **(Against all Defendants, on behalf of the Class)**

15 64.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as
16 though fully set forth herein.

17 65.   As a pattern and practice, Defendants failed and refused to pay Plaintiffs and
18 members of the Class minimum wages owed to them pursuant to Wage Orders 4 and 5
19 by, *inter alia*, requiring or permitting Plaintiffs and the Class Members to perform off-
20 the-clock work for which Plaintiffs and the Class Members were not compensated,
21 requiring or permitting Plaintiffs and the Class Members to perform on-call work for
22 which they were compensated at a rate less than the minimum wage or not compensated
23 at all, and requiring or permitting Plaintiffs and the Class Members to work hours that
24 Defendants subsequently deducted from Class Members' pay without any lawful basis
25 to.  Defendants also failed to compensate the Class Members at least the legal minimum
26 overtime rate or doubletime rate for all overtime and double hours worked, including
27 off-the-clock work, on-call hours, and hours that Defendants deducted from Class
28 Members' pay.

INFINITY LAW GROUP LLP
3450 GEARY BLVD, SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

66.    As a result of Defendants violations of Labor Code §§ 1194 and 1197 and Wage Orders 4 and 5 for failure to pay minimum wage, Plaintiffs and the Class Members are entitled to recover unpaid minimum wage compensation and interest thereon pursuant to Labor Code § 218.6, plus attorneys' fees and costs pursuant to Labor Code § 218.5, in an amount to be established according to proof at trial.

67.    Plaintiffs, on behalf of themselves and the Class Members, also request relief as described below.

<div align="center">

**THIRD CAUSE OF ACTION**

**LIQUIDATED DAMAGES FOR FAILURE TO PAY MINIMUM WAGES**

**LABOR CODE § 1194.2**

**(Against all Defendants, on behalf of the Class)**

</div>

68.    Plaintiffs re-allege and incorporate by reference the foregoing allegations as though fully set forth herein.

69.    Pursuant to Labor Code § 1194.2, in any action under Section 1194 to recover wages as a result of payment less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

70.    Plaintiffs and members of the Class were not paid at least the minimum wage for all hours worked, as required by the Labor Code, Wage Orders 4 and 5.

71.    Plaintiffs and members of the Class are entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid and interest thereon, plus attorneys' fees and costs, in an amount to be established according to proof at trial.

72.    Plaintiffs, on behalf of themselves and the Class Members, also request relief as described below.

///

///

///

///

INFINITY LAW GROUP LLP
3450 GEARY BLVD., SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

**PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE AND ITEMIZED WAGE STATEMENTS**

**LABOR CODE §§ 226 AND WAGE ORDERS 4 AND 5**

**(Against all Defendants, on behalf of the Class)**

73.    Plaintiffs re-allege and incorporate by reference the foregoing allegations as though fully set forth herein.

74.    Labor Code § 226 requires an employer to furnish its employees with an accurate itemized statement in writing showing, among other things, (1) gross wages earned, (2) total hours worked by each respective individual, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

75.    As a pattern and practice, in violation of Labor Code § 226(a), Defendants did not furnish Plaintiffs or members of the Class with accurate itemized statements in writing showing the total hours worked by each individual, the applicable rates of pay for each hour worked, or the total compensation owed to each individual, including meal and rest break premiums.

76.    As a pattern and practice, in violation of Labor Code § 226(a), Defendants did not maintain accurate records pertaining to the total hours worked for such Defendants by Plaintiffs and members of the Class, including the total hours worked by each individual, the applicable rates of pay for each hour worked, and the total compensation owed to each individual, including meal and rest break premiums.

77.    Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a).

78.    Pursuant to Labor Code § 226(e), Plaintiffs and the members of the Class are entitled to penalties as follows:

      a.    Fifty dollars ($50.00) per employee for the initial pay period in which a violation occurs; and

INFINITY LAW GROUP LLP
3450 GEARY BLVD, SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

INFINITY LAW GROUP LLP
3450 GEARY BLVD., SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

b.    One hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not to exceed $4,000 per employee.

79.    Pursuant to Labor Code § 226(h), Plaintiffs and members of the Class are entitled to an award of costs and reasonable attorneys' fees.

80.    Plaintiffs, on behalf of themselves and the Class Members, also request relief as described below.

## FIFTH CAUSE OF ACTION

## FAILURE TO PAY WAGES PROMPTLY AFTER TERMINATION

## LABOR CODE §§ 201, 202, AND 203

## (Against all Defendants, on behalf of the Former Employee Subclass)

81.    Plaintiffs re-allege and incorporate by reference the foregoing allegations as though fully set forth herein.

82.    Labor Code § 201 requires employers to pay all compensation due and owing to their employees immediately upon discharge.

83.    Labor Code § 202 requires employers to pay all compensation due and owing to an employee who quits his or her employment no later than 72 hours after the time of quitting.

84.    Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for "waiting time" penalties in the form of continued compensation at the employee's regular rate of pay for each day that wages remain unpaid, up to thirty days.

85.    Defendants failed to pay Plaintiffs and members of the Former Employee Subclass all wages due immediately upon termination as required by Labor Code § 201, or within 72 hours as required by Labor Code § 202.  To date, Defendants have still not paid Plaintiffs or members of the Former Employee Subclass all earned wages.

86.    Defendants willfully failed to pay Plaintiffs and the Former Employee Subclass members' wages pursuant to the requirements of Labor Code §§ 201 and 202, and

**PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

1 therefore Plaintiffs and the members of the Former Employee Subclass are entitled to
2 recover unpaid wages, waiting-time penalties under Labor Code § 203, plus attorneys'
3 fees and costs, in an amount to be established according to proof at trial.

4 87.    Plaintiffs, on behalf of themselves and the Class Members, also request relief as
5 described below.

<div align="center">

**SIXTH CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL BREAKS**

**LABOR CODE §§ 226.7 AND 512 AND WAGE ORDERS 4 AND 5**

**(Against all Defendants, on behalf of the Class)**

</div>

10 88.    Plaintiffs re-allege and incorporate by reference the foregoing allegations as
11 though fully set forth herein.

12 89.    As a pattern and practice, in violation of Labor Code §§ 226.7 and 512 and Wage
13 Orders 4 and 5, Defendants regularly denied Plaintiffs and members of the Class an
14 uninterrupted, duty-free meal break of at least thirty minutes after five hours and ten
15 hours of work.

16 90.    Pursuant to Labor Code § 226.7(c), Plaintiffs and members of the Class are
17 entitled to a penalty of one hour's pay at their regular rate of pay for each occasion upon
18 which Plaintiffs and members of the Class were denied an uninterrupted, duty-free meal
19 break of at least thirty minutes after five hours and ten hours of work

20 91.    Plaintiffs, on behalf of themselves and the Class Members, also request relief as
21 described below.

<div align="center">

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PROVIDE REST BREAKS**

**LABOR CODE § 226.7 AND WAGE ORDERS 4 AND 5**

**(Against all Defendants, on behalf of the Class)**

</div>

26 92.    Plaintiffs re-allege and incorporate by reference the foregoing allegations as
27 though fully set forth herein.

28 93.    As a pattern and practice, in violation of Labor Code § 226.7 and Wage Orders 4

<div style="writing-mode: vertical;">
INFINITY LAW GROUP LLP
3450 GEARY BLVD., SUITE 210
SAN FRANCISCO, CALIFORNIA 94118
</div>

<div align="center">

19

**PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

</div>

and 5, Defendants regularly denied Plaintiffs and members of the Class an uninterrupted, duty-free rest period of at least 10 minutes for each four hours worked or major fraction thereof.

94.    Pursuant to Labor Code § 226.7(c), Plaintiffs and members of the Class are entitled to a penalty of one hour's pay at their regular rate of pay for each work day during which Plaintiffs and members of the Class were denied an uninterrupted, duty-free rest period of at least 10 minutes for each four hours worked or major fraction thereof.

95.    Plaintiffs, on behalf of themselves and the Class Members, also request relief as described below.

### EIGHTH CAUSE OF ACTION

### FAILURE TO REIMBURSE BUSINESS EXPENSES

### LABOR CODE § 2802 AND WAGE ORDERS 4 AND 5

### (Against all Defendants, on behalf of the Class)

96.    Plaintiffs re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

97.    Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

98.    In order to discharge their job duties for Defendants, Plaintiffs and members of the Class have incurred necessary expenses in the course of completing their duties, which were not reimbursed by Defendants, including costs for travel between Defendants' locations, including gas, automobile insurance and maintenance costs, cell phone usage, among other necessities.

99.    Plaintiffs and members of the Class are entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and costs, pursuant to Labor Code § 2802.

100.   Plaintiffs, on behalf of themselves and the Class Members, also request relief as

INFINITY LAW GROUP LLP
3450 GEARY BLVD, SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

**PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

described below.

## NINTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

### BUS. & PROF. CODE §§ 17200, ET SEQ.

**(Against all Defendants, on behalf of the Class and on behalf of Plaintiffs individually and as a member of the general public)**

101.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as though fully set forth herein.

102.   Business and Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

103.   Business and Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the Unfair Competition Law.

104.   Defendants have committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business and Professions Code §§ 17200, *et seq.*, by failing to pay wages for all hours worked, including minimum and overtime wages, failing to provide compliant meal and rest breaks or pay meal and rest break premiums owed, failing to reimburse business expenses, and failing to pay wages due at the time of separation.

105.   The above-described unlawful actions of Defendants constitute false, unfair, fraudulent, and/or deceptive business practices, within the meaning of Business and Professions Code §§ 17200, *et seq*.

106.   Plaintiffs and the Class members are entitled to equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.   Plaintiffs bring this cause of action individually, on behalf of the Class Members, and as a member of the general public as a representative of all others subject to Defendants' unlawful acts and practices.

107.   As a result of their unlawful acts, Defendants have reaped and continue to reap

INFINITY LAW GROUP LLP
3450 GEARY BLVD, SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

**PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

INFINITY LAW GROUP LLP
3450 GEARY BLVD., SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

1  unfair benefits at the expense of Plaintiffs, the Class Members, and the general public.

2  108.  Defendants should be made to disgorge these ill-gotten gains and restore to

3  Plaintiffs and the Class Members all wrongfully withheld wages and other amounts

4  owed, pursuant to Business and Professions Code §§ 17200, *et seq*.  Defendants are

5  unjustly enriched as a result of their failure to comply with the provisions of the Labor

6  Code and IWC Wage Orders 4 and 5 as alleged herein.

7  109.  Plaintiffs and the Class Members are severely prejudiced by Defendants' unfair

8  trade practices.

9  110.  As a direct and proximate result of the unfair business practices of Defendants,

10  Plaintiffs and the Class Members are entitled to equitable relief, including full

11  restitution, disgorgement, and/or specific performance of payment of all wages and other

12  amounts owed that have been unlawfully withheld from Plaintiffs and the Class

13  Members as a result of the business acts and practices described herein.

14  **<u>TENTH CAUSE OF ACTION</u>**

15  **PRIVATE ATTORNEYS GENERAL ACT**

16  **LABOR CODE §§ 2698, ET SEQ.**

17  **(Against all Defendants, on Behalf of Plaintiffs Individually and all Current and**

18  **Former Aggrieved Employees)**

19  111.  Plaintiffs re-allege and incorporate by reference the foregoing allegations as

20  though set forth herein.

21  112.  Plaintiffs are each an "aggrieved employee" under PAGA, as they were employed

22  by Defendants during the applicable statutory period and suffered one or more of the

23  Labor Code violations described herein.  As such, they seek to recover, on behalf of

24  themselves and all other current and former aggrieved employees of Defendants, the

25  civil penalties provided by PAGA, plus reasonable attorneys' fees and costs.

26  113.  Plaintiffs seek to recover the PAGA civil penalties through a representative action

27  permitted by PAGA and the California Supreme Court in *Arias v. Superior Court* (2009)

28  46 Cal. 4th 969.  Therefore, class certification of the PAGA claims is not required, but

**PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiffs may choose to seek certification of the PAGA claims.

114.   Plaintiffs seek to pursue remedies under PAGA pursuant to the following sections of the Labor Code:

    a.   Labor Code § 226.3 imposes a civil penalty for failure to provide accurate and itemized wage statements, in addition to any other penalty provided by law, of two hundred fifty dollars ($250) per aggrieved employee for the first violation of Labor Code § 226(a), and one thousand dollars ($1,000) per aggrieved employee for each subsequent violation.

    b.   Pursuant to Labor Code § 203, for an employer who willfully fails to pay any wages of an employee who is discharged or quits, that employee's wages shall continue as a penalty from the due date at the same rate until paid, but shall not continue for more than thirty (30) days. Labor Code § 256 imposes a civil penalty in an amount not exceeding thirty days' pay as waiting time under the terms of Labor Code § 203.

    c.   Under California Labor Code §§ 510 and 1194, Defendants are liable for failing to pay the Aggrieved Employees overtime.

    d.   Under California Labor Code §§ 226.7 and 512, Defendants are liable for failing to either provide rest periods and meal periods or pay the Aggrieved Employees one hour of pay for every missed rest period and meal period.

    e.   Under California Labor Code §§ 1194, 1197, and 1197.1, Defendants are liable for failing to pay Aggrieved Employees minimum wage for all hours worked.

    f.   During the relevant period, Defendants failed to properly compensate Aggrieved Employees for hours worked in excess of eight in a day and forty in a week, as well as for missed meal and rest periods. California Labor Code § 558 imposes a civil penalty upon "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work

INFINITY LAW GROUP LLP
3450 GEARY BLVD., SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

**PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

INFINITY LAW GROUP LLP
3450 GEARY BLVD., SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

in any order of the Industrial Welfare Commission as follows: "(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee."

g.  Under California Labor Code § 204, Defendants are liable for failing to pay Aggrieved Employees wages earned during the course of employment in a timely manner.   California Labor Code § 204 states that "All wages…earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."  During the Class Period, Defendants failed to compensate Aggrieved Employees all wages earned twice during each calendar month.

h.  During the Class Period, Defendants failed to compensate Aggrieved Employees for necessary business expenses incurred, including but not limited to expenses associated with the use of their personal vehicles. Under California Labor Code § 2802, Defendants are liable for unreimbursed business expenses.  Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

i.  Labor Code § 210 imposes civil penalties for failure to pay all wages earned twice each calendar month in violation of Labor Code § 204 of one hundred dollars ($100) for each initial failure to pay each employee, and for each subsequent, or any willful or intentional, failure to pay each employee, two

PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT

1    hundred dollars ($200) plus 25 percent of the amount unlawfully withheld.

2    j.    Labor Code § 558 imposes a civil penalty for failure to provide

3    uninterrupted meal or rest breaks, in addition to any other penalty provided

4    by law, of fifty dollars ($50) per aggrieved employee, per pay period, in

5    addition to an amount sufficient to recover underpaid wages, for the first

6    violation of Labor Code §§ 510 or 512, and one hundred dollars ($100) per

7    aggrieved employee, per pay period, in addition to an amount sufficient to

8    recover underpaid wages, for each subsequent violation.

9    k.    Labor Code § 1197.1 imposes a civil penalty for failure to pay minimum

10   wage, in addition to any other penalty provided by law, of one hundred

11   dollars ($100) per aggrieved employee, per pay period, in addition to an

12   amount sufficient to recover underpaid wages, liquidated damages pursuant

13   to Labor Code § 1194.2, and any applicable penalties imposed by Labor

14   Code § 203, for the first violation of Labor Code § 1197, and two hundred

15   fifty dollars ($250) per aggrieved employee, per pay period, in addition to

16   an amount sufficient to recover underpaid wages, liquidated damages

17   pursuant to Labor Code § 1194.2, and any applicable penalties imposed by

18   Labor Code § 203, for each subsequent violation.

19   l.    Labor Code § 2699(f) imposes a civil penalty for violations of any

20   provision of the Labor Code for which a civil penalty is not otherwise

21   specifically provided of one hundred dollars ($100) for each aggrieved

22   employee per pay period for each initial violation and two hundred dollars

23   ($200) for each aggrieved employee per pay period for each subsequent

24   violation.

25   115.  For each such violation, Plaintiffs and all other aggrieved employees are entitled

26   to penalties and other relief in an amount to be shown at the time of trial subject to the

27   following formula:

28        a.  Pursuant to Labor Code § 2699(f), $100 for each initial violation and $200

INFINITY LAW GROUP LLP
3450 GEARY BLVD., SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

**PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

INFINITY LAW GROUP LLP
3450 GEARY BLVD., SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

for each subsequent violation of Labor Code §§ 201-203, 204, 226(a), 226.7, 510, 512, 1194, 1194.2, 1197, 1197.1 and 2802; and

    b.  Pursuant to Labor Code § 2699(a), the penalties as authorized by Labor Code §§ 210 and 558.

116.  As a result of the acts alleged above, Plaintiffs seek civil penalties pursuant to Labor Code §§ 2698 *et seq.*

117.  Civil penalties recovered will be allocated 75% to the Labor and Workforce Development Agency, and 25% to the affected employees.

118.  Plaintiffs have fully complied with the procedural requirements specified in Labor Code § 2699.3 as to each of the alleged violations.  On March 18, 2020, Plaintiffs sent a letter, by online submission to the LWDA and by certified mail, return receipt requested, to Defendants setting forth the facts and theories of the violations alleged against Defendants, as prescribed by Labor Code § 2698 *et seq.*  Pursuant to Labor Code § 2699.3(a)(2)(A), no notice was received by Plaintiff from the LWDA within sixty-five (65) calendar days of March 18, 2020.  A true and correct copy of this notice is attached hereto as "Exhibit A."  Plaintiffs may therefore commence this action to seek civil penalties pursuant to Labor Code § 2698 *et seq.*

119.  Enforcement of statutory provisions to protect workers and to ensure proper and prompt payment of wages is a fundamental public interest.  Plaintiffs' successful enforcement of important rights affecting the public interest will confer a significant benefit upon the general public.  Private enforcement of these rights is necessary, as no public agency has pursued enforcement.  Plaintiffs are incurring a financial burden in pursuing this action, and it would be against the interest of justice to require the payment of attorneys' fees and costs from any recovery obtained, pursuant to, *inter alia*, Labor Code § 2699.

120.  Plaintiffs, on behalf of themselves and the aggrieved employees, also request relief as described below.

///

**PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

1
## PRAYER FOR RELIEF

2  **WHEREFORE**, Plaintiffs prays as follows:

3  1.  For certification of Plaintiffs' claims as a class action, pursuant to Code of Civ.
4  Proc. § 382, on behalf of the proposed class, and certification of each of the classes
5  specified herein;

6  2.  For class notice to all Class Members who worked for Defendants in the State of
7  California from March 21, 2019 through the date of trial in this action;

8  3.  That the Court declare that Defendants' policy and/or practice of failing to pay
9  wages to Plaintiffs and the Class Members for all hours worked violates Labor Code §§
10  204, 510, 558, 1194, and 1197;

11  4.  That the Court declare that Defendants' policy and/or practice of failing to provide
12  uninterrupted meal periods violates Labor Code §§ 226.7 and 512 and Wage Orders 4
13  and 5 by failing to provide Plaintiffs and the Class Members a meal period of at least
14  one half hour in which they were relieved of all duties for every five hours of work;

15  5.  That the Court declare that Defendants' policy and/or practice of failing to provide
16  uninterrupted rest periods violates Labor Code § 226.7 and Wage Orders 4 and 5 by
17  failing to provide Plaintiffs and the Class Members a rest period of at least ten minutes
18  for every four hours of work or major fraction thereof;

19  6.  That the Court declare that, as to the Class Members that are former employees
20  of Defendants, Defendants have violated Labor Code §§ 201-203 by willfully failing to
21  pay compensation due at the time of termination of employment or within 72 hours
22  thereafter;

23  7.  That the Court declare that Defendants' policy and/or practice of failing to furnish
24  accurate and itemized wage statements violates Labor Code § 226;

25  8.  That the Court declare that Defendants' above-mentioned policies and/or
26  practices violate Bus. & Prof. Code §§ 17200, *et seq.* and Labor Code § 2698 *et seq.* as
27  to Plaintiffs and the Class Members;

28  9.  For an order preliminarily and permanently enjoining Defendants from engaging

INFINITY LAW GROUP LLP
3450 GEARY BLVD., SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

in the practices alleged herein;

10.    For an award of all wages owed by Defendants to Plaintiffs and the Class Members, including minimum wages, liquidated damages on unpaid minimum wages, and overtime wages;

11.    For an award to Plaintiffs and the Class Members of one (1) hour of additional pay at the regular rate of compensation for each required meal period that was not provided, pursuant to Labor Code § 226.7 and Wage Orders 4 and 5;

12.    For an award to Plaintiffs and the Class Members of one (1) hour of additional pay at the regular rate of compensation for each workday that rest periods were not provided, pursuant to Labor Code § 226.7 and Wage Orders 4 and 5;

13.    For an award of penalties to Plaintiffs and the Class Members for Defendants' failure to provide accurate itemized wage statements, pursuant to Labor Code § 226;

14.    For an award of waiting time penalties due to Plaintiffs and the Class Members that are former employees of Defendants pursuant to Labor Code § 203;

15.    For an award of damages to Plaintiffs and the Class Members for Defendants' failure to reimburse business expenditures, pursuant to Labor Code § 2802;

16.    For an order that Defendants make restitution to Plaintiffs and the Class Members for Defendants' unlawful business practices, as described herein, pursuant to Business and Professions Code §§ 17200, *et seq.*;

17.    Civil penalties pursuant to Labor Code sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 2802, 2698 et seq., and IWC Wage Orders Nos. 4-2001 and 5-2001;

18.    For an award of interest pursuant to Labor Code §§ 218.6, 226.7, 510, or 1194, and any other applicable law;

19.    For an award of attorneys' fees and costs pursuant to Code of Civ. Proc. § 1021.5, Labor Code §§ 218.5, 226, 1194, 2699, and any other applicable law; and

//

//

INFINITY LAW GROUP LLP
3450 GEARY BLVD, SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

**PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

20.    For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: June 2, 2020                    **INFINITY LAW GROUP LLP**

                                       By: **/s/ Ilya Filmus**_____
                                       Ilya Filmus, Esq.
                                       Ashar Ahmed, Esq.
                                       *Attorneys for Plaintiffs*
                                       *Mary Ann Frani and the putative class*

Dated: June 2, 2020                    **PAYTON EMPLOYMENT LAW**

                                       By: **/s/  Chantal Payton**_____
                                       Chantal McCoy Payton, Esq.
                                       *Attorneys for Plaintiffs*
                                       *Mary Ann Frani; Jansen Diaz*
                                       *and the putative class*

INFINITY LAW GROUP LLP
3450 GEARY BLVD., SUITE 210
SAN FRANCISCO, CALIFORNIA 94118

**PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

# PROOF OF SERVICE

*Mary Ann Frani, et al. v. Fresenius Medical Care Holdings, Inc., et al.*

Northern District of California

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. My business address is 3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CALIFORNIA 93510.

On the date set forth below, I served the document(s) described as:

**PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

on the person(s) listed below:

| | |
|---|---|
| David H. Stern, Esq.<br>Alex Spjute, Esq.<br>DECHERT LLP<br>633 West 5th Street, Suite 4900<br>Los Angeles, CA 90071<br>david.stern@dechert.com<br>alex.spjute@dechert.com | *Attorneys for Defendants* |
| Ilya Filmus, Esq.<br>INFINITY LAW GROUP LLP<br>3450 Geary Blvd., Suite 210<br>San Francisco, CA 94118<br>ifilmus@infinitylawca.com | *Attorney for Plaintiffs* |
| Ashar Ahmed, Esq.<br>INFINITY LAW GROUP LLP<br>111 Deerwood Road, Suite 200<br>San Ramon, CA 94583<br>aahmed@infinitylawca.com | *Attorney for Plaintiffs* |

  X   (BY ELECTRONIC SERVICE): I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipient(s) via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I hereby certify that I am employed in the office of an attorney admitted to practice in this Court at whose direction the service was made.

Dated: June 2, 2020

_____
Karen Zelaya

**PLAINTIFFS MARY ANN FRANI AND JANSEN DIAZ'S FIRST AMENDED CLASS ACTION COMPLAINT**

INFINITY LAW GROUP LLP
3450 GEARY BLVD., SUITE 210
SAN FRANCISCO, CALIFORNIA 94118