Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Veronica Cruz, Esq. (SBN: 318648)
veronica@kazlg.com
Gil Melili, Esq. (SBN 337116)
gil@kazlg,com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[Additional Counsel for Plaintiff
on the Signature Line]

*Attorneys for Plaintiffs*

David H. Stern (SBN: 196408)
dstern@bakerlaw.com
Alex E. Spjute (SBN: 229796)
aspjute@bakerlaw.com
Jennifer F. Delarosa (SBN: 312110)
jdelarosa@bakerlaw.com
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: (310) 820-8880
Facsimile: (310) 820-8859

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARY ANN FRANI, JANSEN DIAZ, VICTOR CRUZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FRESENIUS MEDICAL CARE HOLDINGS, et al.,<br><br>Defendant. | **Case No.:** 3:20-cv-03290-VC<br><br>**JOINT REQUEST FOR DISMISSAL OF INDIVIDUAL CLAIMS WITH PREJUDICE AND DISMISSAL OF CLASS CLAIMS WITHOUT PREJUDICE; AND [PROPOSED] ORDER**<br><br>Judge: Hon. Vince G. Chhabria<br>Action Filed: May 14, 2020 |

I.      **INTRODUCTION**

Named Plaintiffs Mary Ann Frani, Jansen Diaz, and Victor Cruz (collectively, "Plaintiffs") and Defendant Fresenius Medical Care Holdings d/b/a Fresenius Medical Care North America and Bio-Medical Applications of California, Inc. (collectively,

"Defendants") (or jointly as the "Parties"), by and through their respective counsel of record in this case, hereby jointly request dismissal, with prejudice, of the individual claims of Plaintiffs. The Parties also request dismissal, without prejudice, of the putative class claims of the unnamed class members. This is because the Parties have reached an agreement in principle to settle this action on an individual basis. *See* Dkt. No. 55. The proposed class has not been certified and the putative class members will not be prejudiced by the dismissal because their respective rights are not affected thereby. Therefore, the Parties respectfully request that the Court dismiss this action as jointly requested herein without requiring notice to the putative class.

## II.   **PROCEDURAL HISTORY**

This case originated in the Superior Court of California, County of San Francisco, as an employment class action brought by Plaintiffs on behalf of a class consisting of "all non-exempt/hourly current and former employees of Defendants who work or worked for Defendants in the State of California" for the past four years. Dkt. No. 1-2, ¶ 3. On May 14, 2020, Defendant removed the action to this Court pursuant to the Class Action Fairness Act ("CAFA"). Dkt. No. 1, p. 2. On May 21, 2021, Defendants filed a Motion to Dismiss Plaintiff's original complaint pursuant to Rule12(b)(6), basing their motion, in part, on the *res judicata* and preclusive effect of a prior class and PAGA action in San Diego Superior Court entitled *Gonzales v. Fresenius Medical Care Holdings, et al.*, Case No. 37-2013-00072469-CU-OE-CTL. Dkt. No. 9. In response, Plaintiffs voluntarily dismissed Fresenius USA, Inc., as a named Defendant, limited their putative class claims to only the time period May 21, 2019 through the present, and filed their First Amended Complaint in this action on June 2, 2020 (Dkt. No. 13) as well as a Motion to Remand on June 15, 2020 (Dkt. No. 19). After Defendants filed their Answer to the First Amended Complaint (Dkt. No. 20) and Opposition to Plaintiff's motion (Dkt. No. 22), the Court issued an order denying Plaintiff's motion to remand (Dkt. No. 29).

On July 19, 2021, Plaintiffs filed their Second Amended Complaint, asserting the same causes of action for the same time period of May 21, 2019 through the present, but adding Victor Cruz as a named Plaintiff. *See* Dkt. No. 51. Defendant then filed its Answer to Plaintiff's Second Amended Complaint on August 2, 2021. Dkt. No. 53.

After months of negotiations, the Parties filed a Notice of Settlement, indicating to the Court that they have settled Plaintiff's individual claims in this matter. Dkt. No. 55. Finally, on November 5, 2021, the Court ordered the Parties to submit a request for dismissal by December 13, 2021, pursuant to Paragraph 55 of the Court's Standing Order for Civil Cases. Dkt. No. 56.

### III. THE REQUEST FOR DISMISSAL SHOULD BE GRANTED WITHOUT NOTICE TO THE PUTATIVE CLASS

"The claims, issues, or defenses of a *certified* class may be settled, voluntarily dismissed, or compromised only with the court's approval . . .." Fed. R. Civ. P. 23(e) (emphasis added). Though the rule does not expressly require court approval for the voluntary dismissal pre-certification, "the Ninth Circuit has held that Rule 23(e) also applies to settlements before certification, but in a much lighter form that does not entail 'the kind of substantive oversight required when reviewing a settlement binding upon the class.'" *Dunn v. Teachers Ins. & Annuity Ass'n of America*, No. 13-cv-05456-HSG, 2016 U.S. Dist. LEXIS, at *9 (N.D. Cal. Jan. 13, 2016) (citing *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). "[C]ourts in this district continue to follow *Diaz* to evaluate the proposed settlement and dismissal of putative class claims" despite some uncertainty as to whether its holding still applies. *Id.* (citing *Tombline v. Wells Fargo, NA*, No. 13-cv-04567, 2014 U.S. Dist. LEXIS 145556, at *4-5 (N.D. Cal. Jan. 31, 2014)).

Pursuant to *Diaz*, in deciding whether to grant a request for pre-certification dismissal, the Court must determine whether putative class members will be prejudiced as a result of: "(1) possible reliance on the filing of the action if they are likely to know

- 3 -

if it either because of publicity or other circumstances; (2) lack of adequate time for class members to file other actions, because of rapidly approaching statute of limitations; and (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Dunn*, 2016 U.S. Dist. LEXIS, at *20-11 (citing *Diaz*, 876 F.2d at 1408) (internal quotation marks omitted). These factors are considered "'to determine whether the proposed settlement and dismissal are tainted by collusion or will prejudice putative class members.'" *Id.* at *11 (*citing Tombline*, 2014 U.S. Dist. LEXIS 145556, at *2 (internal citations and quotation marks omitted)). If the Court determines that settlement creates a possibility of prejudice or other unfair result to the putative class, then it "may require notice to putative class members." *Id.* (citing *Diaz*, 876 F.2d at 1408-11).

      Dismissal of this action would not prejudice unnamed putative class members. First, there is no likelihood that putative class members have relied on the filing of this action since there has been little publicity of this action. To the extent there has been any publicity, it would have likely occurred in legal forums unlikely to have been read by any consumers. In fact, counsel for both Parties have reviewed several search engines to determine whether any publicity of this action has occurred. From what they can discern, any mention of this action has occurred exclusively on legal forums such as justia.com, law.com, law360.com, and trellis.law. The "lack of media coverage makes it unlikely that similarly situated [putative class members] knew of Plaintiffs' lawsuit and relied on it for vindication of their own rights." *Lyons v. Bank of Am., N.A.*, No. 11-cv-01232-CW, 2012 U.S. Dist. LEXIS 168230, at *5-6 (N.D. Cal. Nov. 27, 2012) (citing *Mahan v. Trex Company, Inc.*, No. 5:09-cv-00670 JF/PVT, 2010 U.S. Dist. LEXIS 130160, at *11 (N.D. Cal. Nov. 22, 2010)). However, even if some unnamed putative class members may have seen the publicity related to, or otherwise relied upon, Plaintiffs' action, application of the other two *Diaz* factors weigh against a finding of prejudice. *Id.* at *6.

Second, there is enough time for putative class members to file other actions because the statute of limitations on most of their claims has not elapsed. For instance, seven of Plaintiff's ten causes of action still survive because they all arise from violations of California's Labor Code, which generally has a three-year statute of limitations (*see* Cal. Civ. Proc. Code § 338(a)). *Murphy v. Kenneth Cole Prods.*, 155 P.3d 284, 289 (Cal. 2007).[1] Additionally, Plaintiff's ninth cause of action has a four-year limitations period since it arises from a violation of California's Unfair Competition Law. *See* Cal. Bus. & Prof. Code § 17208. Finally, Plaintiff's fourth and tenth causes of action have a one-year limitations period, creating a possibility they may not survive (*see* Cal. Civ. Proc. Code § 340(a)). *Id.* Nevertheless, there may still be enough time for unnamed putative class members to file other actions because their potential claims could be subject to tolling since the date this case was filed. *See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 559 (1974). Given the possibility of tolling, "there is a substantially diminished risk of prejudice to those putative class claims . . .. Accordingly, . . . this factor weighs against the need to provide notice . . .." *Dunn*, 2016 U.S. Dist. LEXIS, at *23.

Third, settlement between the Parties is not the product of collusion but rather based on how further litigation would pose unnecessary risks to both sides. In fact, Plaintiffs continue to believe that their claims are meritorious while Defendants continue to deny any liability. Nevertheless, the Parties have both come to the realization that continued litigation would be protracted, unduly burdensome, and expensive, since this case has already been litigated for well over a year. Given the Parties settlement agreement, the Parties are negating their need to spend more of the Court's time, counsel's time, expert costs, and other associated costs to continue

---

[1] Arguably, if a putative class member has a binding written employment contract with an employer with respect to the employee's wage rights, their limitations period under these causes of action may extend to four years under Cal. Civ. Proc. Code § 337 (governing written contracts).

- 5 -

JOINT REQUEST FOR DISMISSAL AND [PROPOSED] ORDER
Case No.: 3:20-cv-03290-VC
4859-2587-2132.1

litigating a class action, all while ringing meaningful relief to the named Plaintiffs. Importantly, the settlement agreement also does not undermine the ability of absent putative class members to pursue their own claims because it dismisses those claims *without* prejudice. Where the parties' settlement "does not seek to dismiss the class claims with prejudice[,] . . . the rights or claims of the putative class members are not compromised" and "dismissal is appropriate without notice to the putative class." *Luo v. Zynga Inc.*, No. 13-cv-00186 NC, 2014 U.S. Dist. LEXIS 13225, at *13 (N.D. Cal. Jan. 31, 2014); *Dickey v. Vital One Health Plans Direct, LLC*, No. 1:18-cv-01399-DAD-BAM, 2020 U.S. Dist. LEXIS 37576, at *4–5 (E.D. Cal. Mar. 3, 2020) (same); *Choo v. Wellnx Life Scis., Inc.*, No. 2:17-cv-02517-KJM-DMC, 2019 U.S. Dist. LEXIS 181959, at *4 (E.D. Cal. Oct. 18, 2019) (same); *Tombline*, 2014 U.S. Dist. LEXIS 145556, at *7–8 (same).

Therefore, no notice to the class should be required since dismissal of this action presents little, if any, possibility of prejudice or other unfair result to the putative class.

## IV.     CONCLUSION

The Parties respectfully request the Court dismiss Plaintiffs' individual claims with prejudice and dismiss the absentee putative class members' claims without prejudice and without notice.

\\
\\
\\
\\
\\
\\
\\
\\

- 6 -

JOINT REQUEST FOR DISMISSAL AND [P~~ROPOSED~~] ORDER
Case No.: 3:20-cv-03290-VC
4859-2587-2132.1

1  \\
2  \\

3  Dated: November 30, 2021                 Respectfully submitted,

4                                           By: */s/ David J. McGlothlin*

5                                           David J. McGlothlin, Esq. (SBN: 253265)
                                            KAZEROUNI LAW GROUP, APC
6                                           2633 E. Indian School Road, Suite 460
7                                           Phoenix, Arizona 85016
                                            Telephone: (602) 265-3332
8                                           Facsimile: (800) 520-5523

9
                                            *Attorneys for Plaintiffs*
10

11
12 Dated: November 30, 2021                 Respectfully submitted,

13                                          By: */s/ Alex E. Spjute*

14                                          Alex E. Spjute (SBN: 229796)
                                            BAKER & HOSTETLER LLP
15                                          11601 Wilshire Boulevard, Suite 1400
                                            Los Angeles, CA 90025-0509
16                                          Telephone: (310) 820-8880
17                                          Facsimile: (310) 820-8859

18                                          *Attorneys for Defendants*

- 7 -

JOINT REQUEST FOR DISMISSAL AND [PROPOSED] ORDER
Case No.: 3:20-cv-03290-VC
4859-2587-2132.1

# [PROPOSED] ORDER

Pursuant to the Parties' stipulation, the Court enters the following Orders:

1. The individual claims of the named Plaitiffs Mary Ann Frani, Jansen Diaz, and Victor Cruz are hereby dismissed with prejudice;
2. The claims of the unnamed putative class members, as they are defined in Plaintiffs operative complaint, are hereby dismissed without prejudice; and
3. Notice to the unnamed putative class members is not required.

IT IS SO ORDERED

Dated: December 2, 2021

The Honorable Vince Chhabria
United States District Court Judge

**ECF ATTESTATION**

I, David J. McGlothlin, Esq., am the ECF User whose ID and password are being used to file the following: **NOTICE OF SETTLEMENT**. In compliance with Local Rule 5-1(i)(3), I hereby attest that Alex E. Spjute, Esq., has concurred in this filing.

Dated: November 30, 2021　　　　　　　*/s/ David J, McGlothlin*
　　　　　　　　　　　　　　　　　　　David J. McGlothlin, Esq.

- 9 -
JOINT REQUEST FOR DISMISSAL AND [PROPOSED] ORDER
Case No.: 3:20-cv-03290-VC
4859-2587-2132.1